UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ERIC POORE,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA SUPREME COURT JUDGES, et al.,<br><br>    Defendants. | Case No. 16-cv-05980-JST (PR)<br><br>**ORDER OF DISMISSAL** |
| CHRISTOPHER ERIC POORE,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS, Warden,<br><br>    Defendant. | Case No. 16-cv-05981-JST (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Christopher Eric Poore, an inmate on death row at San Quentin State Prison, filed a pro se prisoner's civil rights action under 42 U.S.C. § 1983 (Case No. C 16-5980) and a pro se petition for writ of mandamus (Case No. C 16-5981). His complaint and petition are now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

These cases concerns the alleged delays and other problems in the state court review proceedings following the imposition of a death sentence for Mr. Poore. The docket for Mr. Poore's automatic appeal, *People v. Poore (Christopher Eric)*, Cal. S. Ct. No. S104665, provides the following information about his case: The judgment of death was entered on February 20, 2002; appellate counsel was appointed on September 25, 2007; the 16,000+ page corrected record

on appeal was filed in June 2010; after numerous extensions of the deadline for Poore to file his opening brief, appointed counsel withdrew in July 2012, and Poore was appointed new counsel; new counsel has received several more extensions, with the current deadline for Poore's opening brief being January 4, 2017; Poore filed a concurrent pro se state habeas petition on July 5, 2016. (The docket information was obtained from www.appellatecases.courtinfo.ca.gov (last visited December 12, 2016).)

In the instant civil rights action, Mr. Poore sues the justices of the California Supreme Court and the California Attorney General. The gist of his complaint is that the process for reviewing capital cases takes too long and is too difficult in California. He alleges that policies—such as the policy that counsel must enter stipulations to settle the trial record and that a habeas petition must be filed prior to the resolution of direct appeal—violate his federal constitutional rights. Plaintiff seeks money damages and an order compelling defendants to produce information relating to the time and expense to process capital appeals.

In the instant mandamus petition, Mr. Poore seeks an order compelling the California Supreme Court to grant petitioner's request for discovery filed in conjunction with his pro se state habeas petition. Mr. Poore also seeks an order compelling the California Supreme Court to issue a quicker review of his claims.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B.     Civil Rights Action

To the extent Mr. Poore seeks a quicker review of his conviction and sentence, his claims are barred under abstention principles. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. See Samuels v. Mackell, 401 U.S. 66, 71-74 (1971); Perez v. Ledesma, 401 U.S. 82, 86 n. 2 (1971).

Younger requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. Middlesex

County Ethics Comm. v. Garden State Bar Assn., 457 U.S. 423, 432 (1982).

Here, all three prongs of the abstention test are met. First, Mr. Poore's direct appeal is ongoing in the California Supreme Court. Second, the appeal unquestionably involves important state interests. See Massie v. Sumner, 624 F.2d 72 (9th Cir. 1980) (acknowledging California's interest in ensuring the fairness of its capital convictions through the automatic appeal process). Third, Mr. Poore can present his appellate delay claim to the California Supreme Court when it considers his appeal – California courts have previously considered appellate delay claims on their merits. See, e.g., People v. Holt, 15 Cal. 4th 619, 708-09 (Cal. 1997) (addressing claim that three-year delay in appointment of counsel for automatic appeal violated due process); People v. Horton, 11 Cal.4th 1068, 1141 (Cal. 1995) (addressing claim that eight-year delay in certification of record on appeal violated due process).

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. Middlesex, 457 U.S. at 437. Here, Mr. Poore makes no plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. See generally Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). Accordingly, abstention is warranted under Younger.

Alternatively, to the extent Mr. Poore seeks relief from his conviction and sentence, such claims are the province of a habeas corpus petition, not a civil rights case. See 28 U.S.C. § 2254 (b)(1); Hill v. McDonough, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus).

Finally, as noted above, Mr. Poore also seeks money damages against defendants, the justices of the California Supreme Court and the California Attorney General. The Eleventh Amendment bars from the federal courts suits for damages against a state by its own citizens, see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985), and to state officials sued in

their official capacities, see Kentucky v. Graham, 473 U.S. 159, 169-70 (1985).  Mr. Poore's damages claims are therefore barred by the Eleventh Amendment.

**C.     Mandamus Action**

Regarding Mr. Poore's mandamus action, the federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

However, this Court has no authority to take the actions requested by Mr. Poore by way of a writ of mandamus.  Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).  Mr. Poore's mandamus remedy, if any, lies in state court.

## CONCLUSION

Accordingly, the actions are DISMISSED for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  Because amendment would be futile, dismissal is without leave to amend.  Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1020 (9th Cir. 1999).  The Court certifies that any appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  The Clerk of the Court shall issue judgment and close the file in both actions.

IT IS SO ORDERED.

Dated: January 3, 2017

_____
JON S. TIGAR
United States District Judge